ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT 09 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : |
| CHARMING SHOPPES, INC. d/b/a FASHION BUG, | : JURY TRIAL DEMANDED |
| Defendant. | : 4:09CV-160-HLM |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Angela Ray, (hereinafter referred to as "Ray"), who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that from January 2006, Charming Shoppes, Inc. d/b/a Fashion Bug (hereinafter referred to as "Defendant") subjected Ray to disparate terms and conditions of employment and disparate discipline, and discharged Ray from the position of co-manager because of her age, 50.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Rome Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant has continuously been a women's apparel retail operation doing business in the State of Georgia and the city of Rome and has continuously maintained at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Ray filed a charge with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## AGE DISCRIMINATION CLAIM

8. Since at least August 2006, Defendant has engaged in unlawful employment practices at its Rome, Georgia location in violation of § 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). The practices referenced above include subjecting Ray to disparate terms and conditions of employment and disparate discipline, and discharging Ray from the position of co-manager because of her

age, 50.

9.  The effect of the practices complained of in paragraph 8, above, has been to deprive Ray of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

10. The unlawful employment practices complained of in paragraph 8, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older and that eradicate the effects of their past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum in liquidated damages, and

prejudgment interest, to Ray.

D.      Order Defendant to make whole all individuals adversely affected by the unlawful practices described above by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including reinstatement of Ray.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*/s/ Robert K. Dawkins*
Robert K. Dawkins
Regional Attorney
Michigan Bar No. P38289

Larry E. Pope, Jr.
Trial Attorney

Ga. Bar No. 142266
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Atlanta District Office
100 Alabama Street, SW - Suite 4R30
Atlanta, Georgia 30303
(404) 562-6815 - direct
(404) 562-6932 - general
(404) 562-6905 - facsimile