IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| | ) ) | 4:09-CV-00160-HLM-WEJ |
| CHARMING SHOPPES, INC. d/b/a FASHION BUG, | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

This action was instituted on October 9, 2009, by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against the "Charming Shoppes, Inc. d/b/a Fashion Bug" ("Charming Shoppes") pursuant to the Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 626(b) ("ADEA"), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

In its Complaint, the Commission alleged that Angela Ray was terminated from her employment with Charming Shoppes due to her age in violation of the ADEA. The Commission also sought make-whole relief including, but not limited to, back pay with interest, liquidated damages, and injunctive and other affirmative relief.

1

The parties acknowledge that the actual employer of Angela Ray was Fashion Bug Retail Companies, Inc. ("Fashion Bug"), which is a subsidiary of Charming Shoppes and Fashion Bug joins in this Consent Decree as the proper Defendant in the action. As used herein, "Defendant" shall mean Fashion Bug Retail Companies, Inc. The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of the ADEA. The parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission by Angela Ray and the Commission's Complaint. They enter into this Consent Decree to further the objectives of the ADEA and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Northern District of Georgia, Rome Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of the ADEA.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## II. NON-DISCRIMINATION PROVISION

During the term of this Consent Decree, Fashion Bug, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from discriminating against any individual because of age. Fashion Bug agrees to comply with the ADEA, and that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment shall be conducted in a manner that does not discriminate on the basis of age.

## III. NON-RETALIATION PROVISION

During the term of this Consent Decree, Fashion Bug, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from retaliating against any person

because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. Fashion Bug will not discriminate against any employee for engaging in protected activity under the ADEA. Fashion Bug will not retaliate or take any adverse action against any employee or applicant in the future because any such individual has filed a charge or opposed a practice believed to be in violation of the ADEA.

IV.  **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Decree, Fashion Bug shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Rome, Georgia facility have been instructed as to the full meaning of the provisions of the Notice to be posted, and that Fashion Bug has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by the ADEA. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

V.  **TRAINING**

During the term of this Consent Decree, Fashion Bug shall require every employee (non-supervisory and supervisory employees) assigned to its Rome, Georgia facility to satisfactorily complete the Charming Shoppes Respectful

Workplace Relationships Program. The above referenced training shall be completed within ninety (90) days of the entry of this Consent Decree.

Fashion Bug shall provide copies of each employees' certification of completion of the above-mentioned Program to the Commission within fifteen (15) days following completion of training. All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI. REPORTING REQUIREMENT

During the duration of this Consent Decree, Fashion Bug shall certify in writing to the Regional Attorney whether any person employed at Fashion Bug's Rome, Georgia facility has complained about or brought to the attention of any member of management issues regarding age discrimination. If an employee has so complained, then the summary report shall include the following information:

(a) The date of the complaint or report;

(b) The name of the person making the complaint or report;

(c) The name and title of the person against whom the complaint or report was made;

(d) The nature of the complaint or report;

(e) The name and title of Fashion Bug's official to whom the complaint or report was made;

5

  (f) A description of how the complaint or report was resolved by Fashion Bug, including any personnel action(s) taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII.  NOTICES TO BE POSTED

Upon entry of this Consent Decree and continuing until the expiration date specified in Section IX herein, Fashion Bug shall keep posted at its Rome, Georgia facility a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at the facility shall have the opportunity to observe at least one such posting when at the facility. Fashion Bug will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Fashion Bug shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Fashion Bug will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## VIII. <u>CHARGING PARTY'S INDIVIDUAL RELIEF</u>

Fashion Bug, in settlement of all claims alleged by the Commission in its Complaint, shall pay $40,050.00, less applicable taxes, withholdings, and other deductions required by law, within ten (10) business days of the entry of this Consent Decree to Angela Ray. Within five (5) business days of issuing the check to Angela Ray, Fashion Bug will mail copies of the check to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## IX. <u>TERM OF DECREE AND PERIOD OF JURISDICTION</u>

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of eighteen (18) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice by stipulation of the parties pursuant to Fed. R. Civ, P. 41(a)(1). However, this Court shall retain jurisdiction over this action for the

purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for eighteen (18) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said eighteen (18) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the eighteen (18) month period have been resolved. At the expiration of the eighteen (18) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## X.  COMPLIANCE OFFICIAL

Fashion Bug has designated Fashion Bug's Vice President of Human Resources to be Defendant's Compliance Official who shall be responsible for Fashion Bug's compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Fashion Bug's compliance with the specific terms of this Consent Decree.

## XI.  PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before

seeking enforcement through the judicial process. The Commission will notify, in writing by first class mail and facsimile, Fashion Bug's Compliance Official if it has any reason to believe that any act or omission by Fashion Bug is in violation of the Consent Decree. Fashion Bug shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Fashion Bug's report, the Commission concludes that the deficiency has not been satisfactorily cured by Fashion Bug, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter that occurred during the term of this Consent Decree and constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XII. OTHER ACTIONS

The Commission shall not commence or prosecute Charming Shoppes or

Fashion Bug for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Angela Ray's claims that she was discharged by Fashion Bug or Charming Shoppes due to her age in violation of the ADEA, as embodied in EEOC Charge Number 410-2007-01018, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Fashion Bug or Charming Shoppes in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to the ADEA (or any other statutes enforced by the Commission) on any such charges.  Nothing in this Consent Decree shall be construed to limit or reduce Fashion Bug's or Charming Shoppes' obligation to fully comply with Title VII; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto.  Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIII. COSTS AND ATTORNEYS FEES

The EEOC and Fashion Bug and Charming Shoppes shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

So ORDERED this 29th day, January, 2010.

_____
JUDGE HAROLD L. MURPHY
UNITED STATES DISTRICT COURT

Consented to by:

  /s/ Robert K. Dawkins
ROBERT K. DAWKINS
Georgia Bar Number: 076206

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905
Counsel for EEOC


  /s/ I. Stewart Duggan
I. STEWART DUGGAN
Georgia Bar No. 232207

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP
Post Office Box 5007
Rome, GA 30162-5007
Telephone: (706) 291-8853
Facsimile: (706) 234-3574
Counsel for Charming Shoppes, Inc. d/b/a Fashion Bug

## **N O T I C E**

1. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

2. Fashion Bug supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

3. Any person who believes that he or she has been subjected to unlawful employment discrimination may contact the United States Equal Employment Opportunity Commission at: 100 Alabama Street SW, Suite 4R30, Atlanta, GA 30303; Telephone: (404) 562-6887.